Sherrill Lynn Barton, et al. v. Rockland Pipeline Company















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-272-CV

     SHERRILL LYNN BARTON, ET AL.,
                                                                              Appellants
     v.

     ROCKLAND PIPELINE COMPANY,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 96-276-B
                                                                                                                
   
MEMORANDUM OPINION
                                                                                                                
   
      On June 30, 2000, Appellant Sherrill Lynn Barton, in her capacities as Independent
Executrix and Trustee of the estate and under the will of Glenda McSwane Hughes and as
Independent Executrix of the estate of Lesta Whitaker McSwane and as successor Trustee of
the Cynthia Ann Hughes Glover trust, Appellant Cynthia Ann Hughes, individually and in her
capacities as Independent Executrix and Trustee of the estate and under the will of R.Q.
McSwane, and Appellant B. Richardson, Inc., and Appellee Rockland Pipeline Company filed
an agreed motion to dismiss their respective appeals. In relevant portion, Rule 42.1(a) of the
Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
 
            (1) in accordance with an agreement signed by all parties or their attorneys
and filed with the clerk; or
 
(2) in accordance with a motion of appellant to dismiss the appeal or affirm
the appealed judgment or order; but no other party may be prevented from
seeking any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a).
      The agreed motion was signed by the parties’ attorneys. In the motion, the parties state
that the cause has been fully settled and ask that we dismiss the appeal in its entirety. 
Accordingly, this cause is dismissed. Costs are taxed against the party incurring them, in
accordance with the parties’ motion.
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed July 19, 2000
Do not publish



ign: justify">Opinion delivered and filed January 14, 2004
Do not publish
[CR25]